**UNITED STATES of America, Appellee,**

v.

**Terrence SMITH, Muriel Cherry, Defendants,**

**Christopher Thomas, Defendant–Appellant.**

No. 08–0165–cr.

United States Court of Appeals, Second Circuit.

March 27, 2009.

David L. Lewis, Lewis & Fiore, New York, NY, for Defendant–Appellant.

Charles N. Rose, Assistant United States Attorney (John A. Nathanson, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. WILFRED FEINBERG, Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Christopher Thomas appeals from the United States District Court for the Eastern District of New York (Gleeson, *J.* ), challenging the 115–month prison sentence imposed by the district court following his guilty plea to one count of conspiracy to commit wire fraud and eight counts of wire fraud and maintained by the district court following our remand of the sentence pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). We assume the parties' familiarity with the facts and procedural history of the case.

■ Thomas argues that the district judge's decision in response to our *Crosby* remand, adhering to its within-Guidelines sentence, was insufficiently detailed, "mak[ing] it impossible for a court to exercise its permitted jurisdiction to review the decision not to resentence." Upon review of the record, we conclude that Thomas's sentence was "adequately explain[ed] ... to allow for meaningful appellate review and to promote the perception of fair sentencing." *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The original sentence was within, but at the top of, the Guidelines

range. This indicates that the court was fully aware of its discretion to impose a lower sentence at the time of sentencing, yet decided not to exercise it. Moreover, although the court did not use the language of § 3553(a), the sentencing transcript makes clear that the court arrived at the applicable sentencing range by considering the history and characteristics of the defendant, the seriousness of the offense, and the need for specific deterrence. On remand, the district court reviewed submissions from Thomas, *pro se*, Thomas's attorney, and the government, each of which discussed the relevant § 3553(a) factors. In explaining its decision not to re-sentence Thomas, the district court referred to these submissions and reviewed its rationale for imposing a 115–month sentence, observing that at the time of sentencing, it felt constrained from imposing a *longer* sentence. Ultimately, after reviewing its initial sentencing decision, the district court stated "with certainty that [it] would not have imposed a shorter [sentence]" had the Guidelines been advisory only.

"[I]n the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Verkhoglyad,* 516 F.3d 122, 129 (2d Cir.2008) (internal quotation marks omitted). No "specific verbal formulations," *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005), or "robotic incantations," *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) (internal quotation marks omitted), are necessary to demonstrate that the court fulfilled its obligation to consider relevant matters. *See Verkhoglyad,* 516 F.3d at 129. Thus, we will not assume, simply from the fact that the district court did not discuss specifically the § 3553(a) considerations, that it failed to satisfy its obligation to consider the requisite factors. *See United States v. Villafuerte,* 502 F.3d 204, 210 (2d Cir.

2007); *Fernandez,* 443 F.3d at 30. Nothing in the record suggests a different conclusion. For the foregoing reasons, we reject Thomas's claim that the district court erred on remand because it did not specifically indicate that it had considered the § 3553(a) factors.

Finally, Thomas argues that his 115–month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *See Gall,* 128 S.Ct. at 597; *United States v. Williams,* 475 F.3d 468, 474 (2d Cir.2007). Thomas has an extensive criminal record, including committing crimes while in prison or on supervised release and committing similar crimes of increasing sophistication, and has failed to be deterred by prior lenient sentences. In these circumstances, we conclude that the 115–month sentence was not unreasonable.

We have considered the appellant's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED.**